UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KATRINA MACK,,<br>Plaintiff<br><br>v.<br><br>SUFFOLK COUNTY, RICHARD J.<br>ROUSE, in his individual capacity, JANE<br>DOE, in her individual capacity, AND<br>the CITY OF BOSTON,<br>Defendants | CIVIL ACTION NO. ~~98-12511NG~~<br>98-11346 |

### ANSWER OF THE DEFENDANTS SUFFOLK COUNTY, RICHARD ROUSE AND JANE DOE TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT

The Defendants Suffolk County, Richard Rouse and Jane Doe, by and through their attorneys, Melissa Garand and Rose King, hereby submit their response to the Plaintiff's Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Plaintiff's Complaint.

1. The Suffolk County Defendants admit that this action has been commenced. The Defendants deny all remaining averments contained within Paragraph 1.

2. The Suffolk County Defendants admit that the Plaintiff seeks to represent a class of all women who were admitted to the Suffolk County Jail while waiting for bail to be set or for an initial court appearance on misdemeanor offenses and women who are held in protective custody. The Suffolk County Defendants deny all of the remaining averments contained within Paragraph 2.

3. The Suffolk County Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained within Paragraph 3.

4. This paragraph is prefatory in nature and therefore no responsive pleading is necessary.

5. This paragraph is prefatory in nature and therefore no responsive pleading is necessary.

6. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 6.

7. The Suffolk County Defendants admit the averments contained within Paragraph 7.

8. The Suffolk County Defendants deny that the Defendant Richard Rouse was at all times relevant to this Complaint the Sheriff of Suffolk County. The Suffolk County Defendants admit the remaining averments contained within Paragraph 8.

9. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 9.

10. The Suffolk County Defendants neither admit nor deny the averments contained within Paragraph 10 and leave the Plaintiff to its proofs

11. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 11.

12. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 12.

13. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 13.

14. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 14.

15. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 15.

16. The Suffolk County Defendants admit that the Plaintiff was brought to the Suffolk County Jail. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained within Paragraph 16.

17. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 17.

18. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 18.

19. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 19.

20. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 20.

21. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 21.

22. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 22.

23. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 23.

24. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 24.

25. The Suffolk County Defendants neither admit nor deny that the search of the Plaintiff conformed to the written policy of the Defendant Suffolk County. The Defendants admit that S.C.S.D. policy states "strip searches shall be conducted of all inmates committed to the custody of the Department . . . .The only exceptions to this policy are as follows: Pre-arraignment detainees will be subject to strip searches/visual body cavity searches only upon a determination that probable causee exists that the detainee is concealing weapons or contraband." The Defendants deny that S.C.S.D. policy states "strip searches shall be conducted at the time of each admission to the facility." The Defendants deny the remaining averments contained within Paragraph 25.

26. The Suffolk County Defendants deny the averments contained within Paragraph 26.

27. The Suffolk County Defendants admit the averments contained within Paragraph 27.

28. The Suffolk County Defendants deny the averments contained within Paragraph 28.

29. The Suffolk County Defendants admit that Rule 318C of the Boston Police Department requires that all female prisoners "be transported to the Suffolk County Jail for detainment". The Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averment contained within Paragraph 29.

30. The Suffolk County Defendants deny the averments contained within Paragraph 30.

31. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 31.

32. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraph 32.

33. The Suffolk County Defendants deny that the Plaintiff's proposed class is proper for certification.

34. The Suffolk County Defendants deny that the Plaintiff's proposed class is proper for certification.

35. The Suffolk County Defendants deny that the Plaintiff's proposed class is proper for certification.

36. The Suffolk County Defendants deny that the Plaintiff's proposed class is proper for certification.

37. The Suffolk County Defendants deny that the Plaintiff's proposed class is proper for certification. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments contained within Paragraph 37.

38 The Suffolk County Defendants deny that the Plaintiff's proposed class is proper for certification.

39. The Suffolk County Defendants deny that the Plaintiff's proposed class is proper for certification.

40. The Suffolk County Defendants deny that the Plaintiff's proposed class is proper for certification.

41. The Suffolk County Defendants deny the averments contained within Paragraph 41.

### COUNT I:  42 U.S.C. § 1983:  Defendant Suffolk County

42. The Responses of Defendant Suffolk County to Paragraphs 1 through 41 are incorporated by reference herein.

43. The Defendant Suffolk County denies the averments contained within Paragraph 43.

44. The Defendant Suffolk County denies the averments contained within Paragraph 44.

45. The Defendant Suffolk County denies the averments contained within Paragraph 45.

### Count II - 42 U.S.C. § 1983:  Defendant Richard Rouse

46. The Responses of Defendant Richard Rouse to Paragraphs 1 through 45 are incorporated by reference herein.

47. The Defendant Richard Rouse admits the averments contained within Paragraph 47.

48. The Defendant Richard Rouse denies the averments contained within Paragraph 48.

49. The Defendant Richard Rouse denies the averments contained within Paragraph 49.

50. The Defendant Richard Rouse denies the averments contained within Paragraph 50.

51. The Defendant Richard Rouse neither admits nor denies the averments contained within Paragraph 51 and leaves the Plaintiff to its proofs.

52. The Defendant Richard Rouse denies the averments contained within Paragraph 52.

53. The Defendant Richard Rouse denies the averments contained within Paragraph 53.

54. The Defendant Richard Rouse denies the averments contained within paragraph 54.

### COUNT III:  42 U.S.C. § 1983:  DEFENDANT CITY OF BOSTON

55. The Responses of the Suffolk County Defendants to Paragraphs 1-54 are incorporated by reference herein.

56 - 58. The Suffolk County Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained within Paragraphs 53 through 56.

### COUNT IV:  42 U.S.C. § 1983:  DEFENDANT DOE.

59. The Responses of Defendant Doe to Paragraphs 1 through 58 are incorporated by reference herein.

60. Defendant Doe neither admits nor denies the averments contained within Paragraph 60 and leaves the Plaintiff to its proofs.

61. Defendant Doe denies the averments contained within Paragraph 61.

62. Defendant Doe denies the averments contained within Paragraph 62.

63. Defendant Doe denies the averments contained within Paragraph 63.

### AFFIRMATIVE DEFENSES

1. The Suffolk County Defendants allege that the Plaintiff's proposed class does not meet the statutory requirements for a class action and certification of the class should be denied.

2. The Suffolk County Defendants deny that they violated any of Plaintiff's constitutional, statutory or regulatory rights.

3. Sheriff Richard Rouse and Jane Doe are immune from suit because they were engaged in a discretionary function.

4. Sheriff Richard Rouse and Jane Doe are protected from liability by the doctrine of qualified immunity.

5. The Suffolk County Defendants were not the proximate cause of any damages suffered by the Plaintiff.

Respectfully Submitted<br>
For the Suffolk County Defendants<br>
By their attorneys

| | |
|---|---|
| _____<br>Rose E. King<br>BBO# 630973<br>Assistant General Counsel<br>Suffolk County Sheriff's Department<br>200 Nashua Street<br>Boston, MA  02114<br>(617) 635-1100 ext.6680 | _____<br>Melissa J. Garand<br>B.B.O.# 554727<br>Deputy General Counsel<br>Suffolk County Sheriff's Department<br>200 Nashua Street<br>Boston, MA  02114<br>(617) 635-1100 ext. 6679 |

Date:  April 4, 2000

### Certificate of Service

I hereby certify that on this date I have caused a true copy of the foregoing document to be served on all attorneys of record by first class mail on April 4, 2000.

Signed under the pains and penalties of perjury this fourth day of April, 2000.

_____
Rose E. King