## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 98-CV-11346-NG

BRONWYN FORD, KATRINA MACK, et
al. on behalf of themselves and on behalf of
others similarly situated,
                    Plaintiffs,

v.

SUFFOLK COUNTY, RICHARD J.
ROUSE, in his individual capacity, JANE
DOE, in her individual capacity, and the
CITY OF BOSTON,
                    Defendants.

## ANSWER OF DEFENDANT CITY OF BOSTON
## TO THE SECOND AMENDED COMPLAINT
### INTRODUCTION

1.      This paragraph is prefatory and, therefore, requires no responsive pleading.  To the extent that a responsive pleading is deemed required, the defendant denies any liability for the allegations.

2.      The defendant admits that Katrina Mack sought to represent a class of women, but denies that included in that class are all of the women referred to in the second sentence of this paragraph.  The defendant admits that, from December 10, 1995, through May 24, 1999, the Suffolk County Sheriff's Departments maintained a policy that contained some of the language quoted in this paragraph and answers that the language of the policy speaks for itself.  The defendant denies the remaining allegations and denies any liability for the allegations.

3.      The defendant is without sufficient information to admit or deny whether all women who were held in custody overnight were subjected to routine strip searches.  The defendant admits that men who are held in custody overnight are not subject to strip or visual body cavity searches as a matter of routine.  All other allegations are statements or conclusions of law that require no

responsive pleading and, if a pleading is required, the defendant denies liability for the complained of acts.

4.    This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies any liability.

## JURISDICTION

5.    This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies any liability.

## PARTIES

6.    The defendant admits this allegation.

7.    The defendant admits this allegation.

8.    The defendant is without knowledge or information sufficient to form a belief as to the allegation whether Richard Rouse was the Sheriff at all relevant times.  The remaining allegations in this paragraph of the Complaint are averments of law to which no responsive pleading is required.

9.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

10.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

11.    The defendant admits this allegation.

## FACTS

12.    The defendant admits this allegation.

13.    The defendant admits this allegation.

14.    The defendant admits this allegation.

15.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

16.    The defendant admits the allegations in this paragraph except the allegation that the plaintiff was placed in leg shackles, an allegation to which the defendant is without knowledge or information sufficient to form a belief.

17.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

18.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

19.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

20.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

21.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

22.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

23.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

24.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

25.    The defendant is without knowledge or information sufficient to form a belief as to the allegation whether the search of the plaintiff conformed to the Sheriff's Department Policy Number S507. The defendant further answers that the Sheriff's policy contains some of the language quoted here and that the policy speaks for itself. The defendant denies liability for the complained of acts.

26.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

27.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

28.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

29.    The defendant admits these allegations.

30.    The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

31.    The defendant denies that it is the policy of the Boston Police Department to hold all male prisoners until their first court appearance, but admits that, with respect to male prisoners who are held, with the exception of juvenile detainees, are held in cells at Boston Police Stations.

32.    The defendant admits these allegations.

## CLASS ACTION ALLEGATIONS

33.    This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

34.    The defendant admits that Katrina Mack is a member of the class, but denies that class certification is proper.

35.    This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

36.    This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

37.    This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.  The Court has already determined that Counsel is capable of representing the class of plaintiffs in this case.  The City is without sufficient information to admit or deny whether counsel has the resources to prosecute this action.

38.    This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

39.    This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

40.    This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

41.    This paragraph contains averments of law to which no responsive pleading is required. The defendant is without knowledge or information sufficient to form a belief as to the allegation that each member of the class has endured pain and suffering and mental anguish.

## FIRST COUNT:  42 U.S.C. § 1983:  DEFENDANT SUFFOLK COUNTY

42.    The first count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required.  The defendant, however, restates it answers to the previous paragraphs.  To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

43.    The first count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required.  To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

44.    The first count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required.  To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

45.    The first count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required.  To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

## SECOND COUNT: 42 U.S.C. § 1983:  DEFENDANT RICHARD ROUSE

46.    The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required.  The defendant does, however, restate its answers to the previous paragraphs.  To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

47.    Admitted.

48.    The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required.  To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

49.    The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required.  To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

50.    The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

51.    The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

52.    The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

53.    The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

54.    The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

## THIRD COUNT:  42 U.S.C. § 1983:  DEFENDANT CITY OF BOSTON

55.    The defendant restates and realleges its answers to paragraphs 1 through 54 of the Complaint and incorporates those answers here.

56.    The defendant admits that it is its policy to require some women who are held prior to their first court appearance to be held at the Suffolk County Jail, but denies that it is either its policy or its custom "to require women who are arrested and held in custody before their first court appearance to undergo a strip and visual body cavity search while men in the same circumstances are not required to undergo similar searches."

57.    The defendant denies these allegations.

58.    The defendant denies the allegations regarding "direct and proximate result" and is without sufficient information to form a belief with respect to the allegation concerning "injuries."

## THIRD COUNT:  42 U.S.C. § 1983:  DEFENDANT DOE

59.    The fourth count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. The defendant does, however, restate its answers to the

prior paragraphs. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

61.    The fourth count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

61.    The fourth count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

62.    The fourth count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

63.    The fourth count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

## AFFIRMATIVE DEFENSES

### First Defense

The plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

The defendant denies that the plaintiff represents a proper class of plaintiffs and states that class certification should be denied.

### Third Defense

The damages sustained by the plaintiff were caused by third parties over whom the defendant had no control or responsibility.

### Fourth Defense

The claims are barred by the doctrines of estoppel and waiver

### Fifth Defense

The claims are barred by the doctrines of res judicata and collateral estoppel.

## JURY CLAIM

DEFENDANT CITY OF BOSTON DEMANDS A TRIAL BY JURY ON ALL ISSUES.

WHEREFORE, the Defendant City of Boston demands judgment that the plaintiff's Complaint be dismissed and that it recover its costs and reasonable attorneys fees.

Respectfully submitted,
**Defendant City of Boston**
By its attorneys
Merita A. Hopkins
Corporation Counsel

By: _____
Michael A. Goldsmith
BBO# 558971
Eve Piemonte Stacey
BBO# 628883
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4029

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

5-4-00          _____
Date       Michael A. Goldsmith