UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BROWNWYN FORD, KATRINA MACK, et al., on behalf of themselves and on behalf of others similarly situated,<br>  Plaintiffs<br><br>v.<br><br>SUFFOLK COUNTY, RICHARD J. ROUSE in his individual capacity, JANE DOE, in her individual capacity, and the CITY OF BOSTON,<br>  Defendants | Civil Action No. 98-11346-NG |

### PROTECTIVE ORDER

1. The following documents may be used in this case subject to this protective order: Depositions in the case of <u>Teicher v. City of Boston</u> from Lt. Charles O'Hear, Captain William Parlon, Lt. James Moore and Sgt. Det. Margot Hill.

2. Only information which is maintained by the defendants as confidential is subject to this protective order. Information that was in the public record before the depositions were taken is not subject to the protective order.

3. The parties may agree that other documents are to be produced subject to this protective order by designating the documents as subject to the order.

4. Any party may challenge any other party's designation of a document as Confidential Information upon motion to the Court. Until the Court rules on such motion, the party challenging the designation shall treat it as Confidential

2

Information as provided in this Protective Order. The party asserting that information is confidential has the burden of establishing that the information should be subject to a protective order.

5. Information subject to this order may only be used this litigation and any administrative proceeding dealing with the same incident or occurrence, and for no other purposes. Information subject to the protective order shall not be disclosed except to the following groups of persons:

(i) The Court;

(ii) Attorneys of record for the parties, including their investigators, consultants, independent contractors, witnesses, employees directly assisting said attorneys of record and the parties;

(iii) Experts for the parties, provided the attorney of record first informs each expert that such Confidential Information to be disclosed is confidential, is to be held in confidence and is to be used solely for the purpose of preparing for and presenting evidence in this litigation or administrative proceeding and further that these restrictions are imposed by a court order.

6. Each of the persons referred to in Paragraph 2(ii) to whom such Confidential Information is to be disclosed shall, before the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of this Order.

3

7. The attorneys for the parties, their investigators, consultants, independent contractors and their employees and experts may make copies of the Confidential Information as needed in the litigation of this case or administrative proceeding.

8. The Confidential Information may be exhibited to deposition witnesses during their depositions and they may be questioned with respect to Confidential Information during oral depositions; provided that to the extent that the transcript of any deposition or the exhibits incorporate the Confidential Information, such transcript and any such exhibit shall be subject to the terms of this Protective Order in the same manner as Confidential Information.

9. Subject only to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be freely available for use at trial or in any related administrative proceeding by any party.

10. By signing this Protective Order the parties and their counsel specifically agree that any claim of privilege, confidentiality or admissibility into evidence is not waived or otherwise compromised.

11. Upon final termination of the above-entitled action whether by verdict, settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts and others, unless the document becomes part of the public record at trial. After completion of this matter, attorneys for the parties will gather any Confidential Information in the

4

possession of the persons referred to in Paragraph 2(ii). Attorneys for the parties may retain in their files any Confidential Information gathered during the course of this action. The attorneys for the parties, however, will not disseminate or otherwise reveal such Confidential Information after this matter is concluded without (1) judicial approval, (2) service on them of a subpoena, or (3) prior permission from the City of Boston or, if documents concerning the individual defendants is to be disseminated or revealed, prior permission from the individual defendants. In the event that judicial approval is sought or a subpoena is served on any attorney for a party to obtain Confidential Information, such attorney will so notify the party in this action to which it pertains.

12. This Order may be modified by further order of this Court upon application to the Court with notice.

13. Notwithstanding any of the above, nothing shall be filed under seal with the Court without the specific direction of the Court.

14. Parties subject to this Protective Order shall not disclose the Confidential Information to anyone except parties, their attorneys, witnesses and experts and investigators, consultants and independent contractors.

6/30/00

Nancy Gertner
United States District Court Judge