UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 98-CV-12511NG

BRONWYN FORD, KATRINA MACK, et al. on behalf of themselves and on behalf of others similarly situated,
  Plaintiffs,

v.

SUFFOLK COUNTY, RICHARD J. ROUSE, in his individual capacity, JANE DOE, in her individual capacity, and the CITY OF BOSTON,
  Defendants.

## ANSWER OF DEFENDANT CITY OF BOSTON
## TO THE INTERVENORS' COMPLAINT

### INTRODUCTION

1.  This paragraph is prefatory and, therefore, requires no responsive pleading. To the extent that a responsive pleading is deemed required, the defendant denies any liability for the allegations.

### JURISDICTION

2.  This paragraph is prefatory and, therefore, requires no responsive pleading. To the extent that a responsive pleading is deemed required, the defendant denies any liability for the allegations.

### PARTIES

3.  Admitted.
4.  Admitted.



5.   The defendant admits all the allegations, but is without sufficient information to form a belief with respect to the last sentence.

6.   Admitted.

7.   Admitted.

8.   The defendant is without sufficient information to form a belief as to the allegation that Richard Rouse was the sheriff at all times relevant to the Complaint, and answers that the remaining allegations in this paragraph contain averments of law to which no responsive pleading is required.

9.   This paragraph contains averments of law to which no responsive pleading is required.

10.  This paragraph contains averments of law to which no responsive pleading is required.

11.  Admitted.

## FACTS

Joanne Maniscalco

12.  Admitted.

13.  The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

14.  The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

Christine Daley

15.  Admitted.

16.  The defendant admits the allegations in the first three sentences. The defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained within this paragraph of the Complaint.

17.  The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

18.  The defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained within this paragraph of the Complaint.

Denise Gaspirini

19. The defendant admits all of the allegations, except the allegation that the larceny under charge stemmed from the failure to return a video, to which the defendant is without knowledge or information sufficient to form a belief.

20. Admitted.

21. The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

22. The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

Alice Buckley

23. The defendant admits the facts regarding Alice Buckley's arrest, but is without knowledge or information sufficient to form a belief as to the allegation that she remained in a cell for 5-6 hours. The defendant admits that she was transferred to the Suffolk County Jail, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained within this paragraph of the Complaint.

24. The defendant is without sufficient knowledge or information sufficient to form a belief as to this allegation.

Facts applicable to all intervenors

25. Denied.

26. The defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph of the Complaint.

27. The defendant is without knowledge or information sufficient to form a belief as to the allegations whether the searches took place "because of the written policy." With respect to the rest of the paragraph, the defendant answers that the policy speaks for itself.

28. The defendant answers that the policy speaks for itself.

29. The defendant answers that the policy speaks for itself.

30. The defendant answers that the policy speaks for itself.

31. The defendant is without knowledge or information sufficient to form a belief as to the allegations whether the searches took place "because of the written policy."

32. Admitted, although the defendant further answers that there may a case in which a female is held overnight at a Boston Police Station.

33. The defendant is without knowledge or information sufficient to form a belief as to the allegations whether the searches took place "because of the written policy."

34. Admitted.

35. Admitted.

36. The defendant admits that if the intervening plaintiffs had been male they would have remained in custody in a Boston Police Station, but is without knowledge or information sufficient to form a belief as to the allegation whether they would have been required to submit to a strip search.

**CLASS ACTION ALLEGATIONS**

37. This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that the plaintiff represents a cognizable class or that class certification is proper.

38. This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper and that the intervening plaintiffs are necessarily members of the class.

39. This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

40. This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

41. This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper. The Court has already determined that Counsel is capable of representing the class of plaintiffs in this case. The City is without sufficient information to admit or deny whether counsel has the resources to prosecute this action.

42. This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

43. This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

44. This paragraph contains averments of law to which no responsive pleading is required. To the extent a responsive pleading is required, the defendant denies that class certification is proper.

45. This paragraph contains averments of law to which no responsive pleading is required. The defendant is without knowledge or information sufficient to form a belief as to the allegation that each member of the class has endured pain and suffering and mental anguish.

**FIRST COUNT: 42 U.S.C. § 1983: DEFENDANT SUFFOLK COUNTY**

46. The defendant restates its answers to paragraphs 1-45 of the Complaint.

47. The first count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

48. The first count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

49. The first count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

**SECOND COUNT: 42 U.S.C. § 1983: DEFENDANT RICHARD ROUSE**

50. The defendant restates it answers to paragraphs 1- 49 of the Complaint.

51. The defendant admits the allegation that Richard Rouse is the sheriff, but is without knowledge or information sufficient to form a belief as to the allegation that he is the County policymaker.

52.     The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

53.     The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

54.     The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

55.     The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

56.     The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

57.     The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

58.     The second count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

**THIRD COUNT:  42 U.S.C. § 1983:  DEFENDANT CITY OF BOSTON**

59.     The defendant restates its answers to paragraphs 1 through 58 of the Complaint.

60.     The defendant admits that it is its policy to require some women who are held prior to their first court appearance to be held at the Suffolk County Jail, but denies that it is either its policy or its custom "to require women who are arrested and held in custody before their first court appearance to undergo a strip and visual body cavity search while men in the same circumstances are not required to undergo similar searches."

61.     The defendant denies these allegations.

62. The defendant denies these allegations regarding "direct and proximate result" and is without sufficient information to form a belief with respect to the allegation concerning "injuries."

**FOURTH COUNT: 42 U.S.C. § 1983: DEFENDANT DOE 2-5**

63. The defendant restates its answers to paragraphs 1-62 of the Complaint.

64. The fourth count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

65. The fourth count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

66. The fourth count of the Complaint is not directed against the City of Boston and therefore a responsive pleading is not required. To the extent a responsive pleading is deemed required, the defendant denies any liability for the complained of acts.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

By way of affirmative defense, Defendant City of Boston states that the plaintiff has failed to state a claim upon which relief may be granted.

### Second Defense

By way of affirmative defense, Defendant City of Boston states that it is justified in its acts or conduct and that therefore the Plaintiff cannot recover.

### Third Defense

By was of affirmative defense, Defendant City of Boston states that its acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore, the Plaintiff cannot recover.

### Fourth Defense

By way of affirmative defense Defendant City of Boston states that no act or omission by them was a proximate cause of damages, if any, allegedly sustained by the Plaintiff.

### Fifth Defense

The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983, because it fails to show any factual connection between any alleged, unconstitutional custom, policy or practice of the City and the violation of the Plaintiff's constitutional rights.

### Sixth Defense

The Defendant City of Boston is not liable for any intentional conduct by an employee pursuant to G.L. c.258 §10(c).

### Seventh Defense

The damages sustained by the plaintiff were caused by third parties over whom the defendant had no control or responsibility.

### Eighth Defense

The claims are barred by the doctrines of estoppel and waiver

### Ninth Defense

The claims are barred by the doctrines of estoppel and waiver

## JURY CLAIM

DEFENDANT CITY OF BOSTON DEMANDS A TRIAL BY JURY ON ALL ISSUES.

WHEREFORE, the Defendant City of Boston demands judgment that the plaintiff's Complaint be dismissed and that it recover its costs and reasonable attorneys fees.

Respectfully submitted,
**Defendant City of Boston**
By its attorneys
Merita A. Hopkins
Corporation Counsel

By: _/s/ Michael A. Goldsmith_
Michael A. Goldsmith
BBO# 558971
Eve Piemonte Stacey
BBO# 628883
City of Boston Law Department
Room 615, City Hall
Boston, MA  02201
(617) 635-4029

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

9-26-00   /s/ Michael A. Goldsmith
Date      Michael A. Goldsmith