UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| BRONWYN FORD, KATRINA MACK, )<br>et al., on behalf of )<br>themselves and others )<br>similarly situated, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>SUFFOLK COUNTY, RICHARD J. )<br>ROUSE in his individual )<br>capacity, JANE DOE, in her )<br>individual capacity, and the )<br>CITY OF BOSTON, )<br>    Defendants. ) | Civ. No. 98-11346-NG |

GERTNER, D.J.

**MEMORANDUM RE: MOTION FOR RECUSAL**
March 13, 2001

I. **INTRODUCTION**

This Memorandum addresses an important question in this age of close media coverage of judicial proceedings: whether a district judge's statement to a reporter about a pending case creates an appearance of partiality that requires recusal when the substance of the statement is already a matter of public record, widely reported in the media.

To be sure, the First Circuit has looked at the statement in question in connection with a recusal motion in an unrelated action, Boston's Children First v. City of Boston, Civil Action No. 99-11330-NG [hereinafter "Boston's Children"]. In its decision In re Boston's Children First, 239 F.3d 59 (1st Cir. 2001) modified Nos. 00-2430, 00-2431 (1st Cir. March 2, 2001)

[hereinafter "In re Boston's Children"], it is clear that the Court has significant concerns about a judge's speaking to the press about a pending case. But it is also clear that the opinion raises important questions concerning how to evaluate the "appearance of impartiality" standard for recusal, after such a comment has been made. This important and ongoing debate, however, does not affect the bottom line here: Whatever the standard, however broadly applied, this case is distinguishable.

This action involves a class of women plaintiffs ("the plaintiffs" or "the plaintiff class") allegedly strip-searched at the Suffolk County Jail between December 10, 1995, and September 20, 1999, in violation of their constitutional rights. The case has been pending for nearly two years. In a published and widely reported decision released February 16, 2000, this Court determined that the plaintiffs have standing to bring their claims. Mack v. Suffolk County, 191 F.R.D. 16 (D. Mass. 2000) [hereinafter "Mack"]. The factual findings on standing were clear: This Court found that the plaintiffs "suffered a personal injury . . . fairly traceable to defendant's allegedly unlawful conduct and . . . likely to be redressed by the requested relief." Id. at 19.

On August 3, 2000, I spoke to a newspaper reporter about the Boston's Children case. In a Boston Herald article the following

day ("the August 4 article"),[1] I made the following statement contrasting the standing issues in the Boston's Children case and this one:

> In [the instant] case, there was no issue as to whether [the plaintiffs] were injured. It was absolutely clear every woman had a claim. . . . [Boston's Children] is a more complex case.

Now, over six months after the article was published, the defendants (including the City of Boston, which took the opposite position in Boston's Children) suddenly argue that I am obliged to recuse myself, because the statement somehow suggests the position the Court will take on the ultimate question -- "that the Defendants are liable for the act of strip-searching all of the [plaintiffs] and that every plaintiff was injured."

This characterization of the reported statement is untenable. What I said was identical to what I had previously said in my published standing decision -- in this case, "there [is] no issue as to whether [the plaintiffs] were injured." Indeed, in the very next sentence, I make it clear that I am referring to the plaintiffs' "claims," not to any damages they may ultimately receive. The statement forecasts absolutely nothing about future decisions.

---

[1] Dave Wedge, Race-Based Admissions Case to Be Heard, Boston Herald, August 4, 2000, available at 2000 WL 4331739.

No one familiar with the record of this case, or with the media coverage, could reasonably question my impartiality based on this reiteration of publicly recited facts. If defendants' belated argument justifies recusal in a case pending before me for two years, then the standard is truly overbroad.

Defendants' motion for recusal [docket entry #82] is therefore **DENIED**.

## II. BACKGROUND

### A. The Boston's Children Action

For purposes of clarity, I begin by summarizing the procedural posture of the unrelated Boston's Children case, to which I referred in my controversial statement in the Boston Herald.

In that high-profile case, filed in mid-1999, the plaintiffs challenge the City of Boston's allegedly racially-discriminatory school assignment policies. On July 26, 2000, the Boston Herald published an article ("the July 26 article") detailing an interview with the plaintiffs' counsel, in which the counsel misrepresented the procedural posture of the case and made several provocative and unsubstantiated assertions, including alleging that this Court had refused to hear class certification

claims of white children in Boston's Children, while granting class certification to jailed women in the instant action.[2]

To correct the inaccuracies in the July 26 article, I wrote a letter to the Boston Herald, dated July 28, 2000, with copies to counsel. Subsequently, the Herald reporter called to inquire about the standing issues in Boston's Children and in the present action. As reported in the August 4 article and quoted above, I responded:

> In [the present] case, there was no issue as to whether [the plaintiffs] were injured. It was absolutely clear every woman had a claim. . . . This is a more complex case.[3]

Based on my letter and this comment, the Boston's Children plaintiffs filed a motion for recusal, claiming that my "impartiality might reasonably be questioned."[4] Essentially, they argued that my comment somehow forecast the position I would take on their class certification motions.

I denied the motion after a hearing on the issue. Plaintiffs then filed a petition for a writ of mandamus, again seeking recusal. The Court of Appeals for the First Circuit

---

[2] Dave Wedge, Lawyer Fights School Ruling; Claims White Kids Have Class-Action Rights, Boston Herald, July 26, 2000, available at 2000 WL 4331012.

[3] Supra note 1.

[4] Plaintiffs base their recusal motion on 28 U.S.C. § 455(a), which provides, "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

granted the writ and denied my subsequent petition for rehearing or rehearing en banc. In re Boston's Children, 239 F.3d at 66.

B.  **This Action**

The procedural history of the instant case is very different. This action was filed in July 1998. On February 16, 2000, I determined that the plaintiffs have standing to pursue their claims, and I certified the plaintiff class. Mack, 191 F.R.D. at 19 - 21. The decision was well covered in the press.[5]

In this standing decision, I found that all of the plaintiffs had demonstrated both (1) that they had suffered personal injury "fairly traceable to defendant's allegedly unlawful conduct and . . . likely to be redressed by the requested relief"; and (2) "that, at the time the complaint was filed, a real and immediate threat of future injury existed." Id. at 19, 21.[6] The defendants apparently sought appellate review of my standing and class certification decision, but the First Circuit denied their petition.

---

[5] E.g. Andrea Estes, Judge Oks Class Suit Over Strip Searches, Boston Herald, Feb. 17, 2000, at 003; Shelley Murphy, Judge Clears Way for Class-Action Suit over Strip Searches, Boston Globe, Feb. 18, 2000, at B2; Judge Allows Class-Action Suit over Strip Searches, Associated Press State & Local Wire, Feb. 18, 2000, at State and Regional.

[6] The decision cites County of Riverside v. McLaughlin, 500 U.S. 44 (1991), in which the Supreme Court observed, "[a]t the core of the standing doctrine is the requirement that a plaintiff 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" Id. at 51 (citing Allen v. Wright, 468 U.S. 737, 751 (1984)).

Six months after the article was published, this motion was filed.

III. **ANALYSIS**

    A.    **The Recusal Standard**

The defendants seek recusal under 28 U.S.C. § 455(a), which obliges any justice, judge, or magistrate of the United States to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned."[7] This provision establishes an objective standard, mandating recusal only "when the facts asserted 'provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'" In re Boston's Children, 239 F.3d at 62 (emphasis added) (citing In re United States, 666 F.2d 690, 695 (1st Cir. 1981)).

As indicated by the word "knowledgeable," above, the § 455(a) standard requires that the "facts asserted" be evaluated from the perspective of an "objective, disinterested observer fully informed of the underlying facts." United States v.

---

[7] The defendants also cite Canon 3(A)(6) of the Code of Judicial Conduct, which instructs that a "judge should avoid public comment on the merits of a pending or impending action." As the First Circuit has "indicated that the Code . . . does not overlap perfectly with § 455(a)," and that "it is possible to violate the Code without creating an appearance of partiality . . . [or] to comply with the Code yet still be required to recuse [oneself]," I confine my discussion to the recusal standard set out in § 455(a). In re Boston's Children, 239 F.3d at 63.

Bayless, 201 F.3d 116, 126 (2d Cir. 2000) (emphasis added) (quoting Diamondstone v. Macaluso, 148 F.3d 113, 120-21 (2d Cir. 1998) (internal citations omitted)); accord El Fenix de Puerto Rico v. The M/Y Johanny, 36 F.3d 136, 140 (1st Cir. 1994) (summarizing the § 455(a) test as, "whether a reasonable person, 'were he to know all the circumstances, would harbor doubts about the judge's impartiality'" (citing Home Placement Serv., Inc. v. Providence Journal Co., 739 F.2d 671, 675 (1st Cir.1984))).

Thus, one must determine whether recusal is warranted "'not by considering what a straw poll of the only partly informed man-in-the-street would show[,] but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge.'" Bayless, 201 F.3d at 127 (quoting SEC v. Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir.1988) (internal citations omitted)).

### B.  The Defendants' Recusal Motion

Defendants' recusal motion entirely fails to meet this objective, reasonable- and knowledgeable-person standard. The nub of defendants' claim is that my August 4 comment implies that I have pre-judged their liability for the plaintiffs' injuries. This interpretation is entirely unreasonable. Whatever questions one may have about the recusal inquiry outlined by the First

Circuit in In re Boston's Children case, it is clear that defendants' motion falls short.

### 1. The February 2000 Decision Conveys Precisely the Same Message as My Statement

Anyone familiar with the record in this action knows that in February 2000, I issued a decision that recognizes plaintiffs' standing to pursue their claims for compensatory damages and injunctive relief. Mack, 191 F.R.D. at 19 - 21. The opinion clearly indicates that a plaintiff seeking compensatory damages can only satisfy the standing requirement "by demonstrating that [she] . . . suffered a [past] personal injury." As the defendants chose not to challenge this aspect of plaintiffs' standing, the decision wastes little time in concluding that plaintiffs adequately demonstrated such injury.[8]

So, defendants' belated recusal motion accuses me of repeating to a reporter the two facts that the February 2000 decision had already established: that the plaintiffs "were injured," and that "every woman had a claim."

---

[8] The issue of prospective relief is more complex. A plaintiff seeking injunctive relief must "also demonstrate that she is in real and immediate danger of sustaining future, direct injury as a result of official conduct ongoing at the time of the suit." Id. at 19. On the truncated record presented at the class certification hearing, I determined that here, too, the plaintiffs ultimately prevail. Id. at 20 - 21.

### 2. The August 4 Article Only Addresses Plaintiffs' Standing, Not Defendants' Liability

In light of the February 2000 procedural ruling, no one familiar with the record in this case, or with press coverage surrounding it could reasonably misconstrue my comment in the August 4 article as forecasting future decisions or indicating bias. The article focuses on questions of class certification and standing. It quotes the counsel for the plaintiffs in Boston's Children as arguing that this Court should "hear [the plaintiffs'] motion for class certification" before holding a hearing on standing.[9] That approach, plaintiffs' counsel suggests, would comport with the sequence followed in the instant action.

The meaning of my response is unmistakable: In Boston's Children, it would be inappropriate to address class certification before standing, as I did in Mack because questions of standing are "complex," whereas in the present action, there is no "issue as to whether [the plaintiffs] were injured. . . . [E]very woman ha[s] a claim."

This observation does not indicate bias. It is about standing, not substantive liability. It speaks the language of pleadings -- what the women's claims were -- not the language of

---

[9] Supra note 1.

proof. Indeed, it reflects the <u>defendants'</u> position, that there was no meaningful contest about plaintiffs' "<u>claims</u>" of past injury.

### 3. The February 2000 Standing Decision Was Widely Reported in the Media

Even if one were unfamiliar with the judicial record in this case and were entirely reliant on the media, one still could not reasonably question my impartiality based on the comment in the August 4 article. Any reasonable reader of the press would recognize that the comment simply restates the (well-reported[10]) conclusions I reached earlier regarding standing and class certification in this case.

### 4. The Holding in In re Boston's Children Should Not be Applied Here

One need not question the First Circuit's holding in <u>In re Boston's Children</u> to reach a contrary decision regarding recusal in this case. In that case, the panel was apparently concerned that my use of the term "more complex" to describe the "<u>pending</u>" standing and class certification issues in <u>Boston's Children</u> could "arguably" be interpreted to suggest "that the petitioner's claims for certification and temporary injunctive relief were less than meritorious." <u>In re Boston's Children</u>, 239 F.3d at 62 - 63.

---

[10] <u>Supra</u> note 6

No such misunderstanding could occur here. As of August 4, 2000, I had already published my standing and class certification decision. No substantive motions were pending. My comment could not "arguably" be interpreted to suggest anything except that the plaintiffs in this case have demonstrated injury -- a factual finding I had already made on the record.

Further, the panel's decision in In re Boston's Children is expressly limited to the "particular events in, and character of, [that] highly idiosyncratic . . . [and] newsworthy . . . case," and the decision itself emphasizes that there is a "continuing need for a case-by-case determination of [recusal] issues." Id. at 65, 66.

## IV.  CONCLUSION

Even if one agrees with the recusal standard announced in In re Boston's Children, and agrees that my statement in the August 4 article warrants recusal in the Boston's Children case,[11] and agrees that a judge should always avoid comment on

---

[11] The active judges on the First Circuit are apparently themselves divided regarding the appropriateness of the panel's decision in In re Boston's Children. 239 F.3d at 66 ("Those active judges who are not members of the panel are currently of the view that, even if the district court's statement to the reporter comprised a comment on the merits, it does not create an appearance of partiality such as to require mandatory recusal under 28 U.S.C. § 455(a)").

pending cases, the <u>In re Boston's Children</u> decision does not dictate the outcome here.

To hold that my recitation of previously- and publicly- established fact casts doubt on a judge's impartiality, thereby necessitating recusal, would establish a judicial code of silence that reason cannot bear.  Defendants' motion is **DENIED**.

SO ORDERED.

Dated: March 13, 2001

*[signature]*
NANCY GERTNER, U.S.D.J.