M6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

```
BRONWYN FORD, KATRINA MACK,        )
et al., on behalf of themselves    )
and others similarly situated,     )
     Plaintiffs,                   )
                                   )
     v.                            )   Civ. No. 98-11346-NG
                                   )
SUFFOLK COUNTY, RICHARD J. ROUSE   )
in his individual capacity, JANE   )
DOE in her individual capacity,    )
and the CITY OF BOSTON,            )
     Defendants.                   )
```
GERTNER, D.J.

## ORDER RE: MOTIONS FOR SUMMARY JUDGMENT
July 31, 2001

Plaintiffs challenge the constitutionality of strip and visual body cavity searches performed at Suffolk County's ("County") Nashua Street Jail ("Jail") between December 10, 1995, and September 20, 1999. The plaintiff class comprises more than five thousand women; their named representative is Katrina Mack ("Mack"). Bronwyn Ford ("Ford") is an individual plaintiff who opted out of the class. She continues to pursue her individual claims as a party to this action.

This Order resolves all pending motions for summary judgment. I first detail the resolution of the motions by and against the class plaintiffs, and I then turn to the motions by and against Ford.

DOCKETED 119

I.  **MOTIONS BY AND AGAINST THE CLASS PLAINTIFFS**

For the reasons detailed in the attached Memorandum Re: Summary Judgment by and Against the Class Plaintiffs, the plaintiffs' motion for summary judgment [docket entry # 75] is hereby **GRANTED in part and DENIED in part**. The County, Richard Rouse ("Rouse"), and Jane Doe's ("Doe") motion for summary judgment [docket entry # 92] is **DENIED**. My specific rulings are as follows:

1. I hereby **DECLARE** the County's search policies throughout the class period facially unconstitutional. The County is enjoined from enforcing those or similar policies now or in the future.

2. The plaintiff class is hereby **SUB-DIVIDED** into two sub-classes: (1) those class members who were arrested for non-violent offenses (either misdemeanor or felony) that did not involve drugs ("Sub-Class I," named representative Katrina Mack), and (2) the remaining class members, who were arrested for offenses involving violence or drugs ("Sub-Class II," named representative to be determined).

3. The plaintiffs are **ORDERED** to submit a named representative for Sub-Class II, or to propose further subdivision of that class, by **August 15, 2001**.

4.  The defendants' response is due within fifteen days thereafter.

5.  Summary judgment of liability in damages for Fourth Amendment violations is **GRANTED** in favor of the plaintiffs in Sub-Class I against the County, Richard Rouse ("Rouse"), and the City of Boston ("City"), but Rouse is entitled to sovereign immunity for unconstitutional searches that occurred prior to June 25, 1997.[1] The amount of damages, and the appropriateness of punitive damages against Rouse, will be determined at future individualized hearings before a finder of fact.

6.  Summary judgment of liability in damages for Fourth Amendment violations is **DENIED** with respect to the plaintiffs in Sub-Class II. Should the defendants eventually be found liable to the women in that sub-class, however, Rouse will again be entitled to qualified immunity for those searches that occurred prior to June 25, 1997.

---

[1] The plaintiffs did not request, and I do not grant, summary judgment against defendant Jane Doe ("Doe"). To simplify future proceedings, however, I note here that Doe, too, is entitled to qualified immunity for any searches that occurred prior to June 25, 1997.

7.  Summary judgment of liability in damages is **GRANTED** against the City for violation of all plaintiffs' equal protection rights.

II.  **MOTIONS BY AND AGAINST PLAINTIFF FORD**

For the reasons set forth in the attached Memorandum Re: Motions for Summary Judgment by and Against Plaintiff Ford, Ford and the County's motions for summary judgment [docket entries #41 and 42] are hereby **ALLOWED in part and DENIED in part**. The City's motion for summary judgment [docket entry # 90] is **DENIED**. Specifically, I issue the following rulings:

1. Summary Judgment is **DENIED** as to the City's liability for the alleged booking search by City police officers at the Boston Police Department's Berkeley Street facility.

2. Summary judgment is **GRANTED** for Ford as to the County and City's liability under the Fourth Amendment, and the City's liability under the Equal Protection Clause, for the strip and visual body cavity search by officials at the County Jail. The amount of damages to which Ford is entitled raises questions of fact that must be resolved in a future proceeding.

3. Rouse is entitled to sovereign immunity for his role in the strip-search at the County Jail.

4. Summary judgment is **DENIED** as to any defendants' liability under Article XIV of the Constitution of the Commonwealth.

5. Summary judgment is **GRANTED** in favor of the County defendants as to their alleged deliberate indifference to the plaintiff's medical needs while incarcerated. And finally,

6. Summary judgment is **DENIED** as to the City's liability for negligent infliction of emotional distress resulting from the searches at the City and County Jails.

SO ORDERED.

Dated: July 31, 2001

_____
NANCY GERTNER, U.S.D.J.