UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROWNWYN FORD, KATRINA MACK, et al., on behalf of themselves and on behalf of others similarly situated,<br>    Plaintiffs<br><br>v.<br><br>SUFFOLK COUNTY, RICHARD J. ROUSE in his individual capacity, JANE DOE, in her individual capacity, and the CITY OF BOSTON,<br>    Defendants | Civil Action No. 98-11346-NG |

### PLAINTIFFS' PROPOSED DEFINITION OF "VIOLENT OFFENSES" AND DESIGNATION OF SUB-CLASS II REPRESENTATIVES

In its July 31, 2001 decision and order, this court ordered the plaintiffs to "propose a suitable definition for the terms 'violence' and 'violent offense" and to designate class representatives for Sub-Class II.[1] This proposal responds to that order.

I.  **Definition of Violence and Violent Offenses**

We have been asked to define the terms violence and violent offense "to separate offenses that inherently generate a suspicion the offender may be concealing weapons or contraband, from offenses that generate no such suspicion."[2]

---

[1] SJ Decision at p. 33. This is in response to dicta in Roberts v. Rhode Island postulating that the "reasonable suspicion standard may be met simply by the fact that [an] inmate was charged with a violent felony." SJ Decision at 29, citing Roberts, 239 F.3d. 107, 112 (1st Cir. 2001).

[2] SJ Decision at p. 30, n.29. While the plaintiffs are complying with the order, this does not mean that they agree that there should be a bright line test. The plaintiffs continue to believe that "(a)fter an arrest . . . authorities should be able to detect contraband on the person of a detainee without the need for a body cavity inspection." Roberts, 239 F.3d at 111. Plaintiffs maintain that the criminal charge alone is not sufficient to justify a suspicionless strip-search. Counsel understand that this issue will be briefed and argued later.

DOCKETED 124

The term "violence" for this purpose is a crime that involves the use or threat of force and a weapon. The term "violent offense" is defined for this purpose as a felony that is associated with weapons and planning. "Weapon" is defined for this purpose as an instrument that was designed for the purpose of causing bodily injury.

A violent offense must be a felony with a weapon that involves planning in order for the offense to be a crime that generates "a suspicion the offender may be concealing weapons." This is true for the following reasons. In <u>Roberts</u>, the First Circuit limited the term violent crime to felonies. If the crime does not involve a weapon, there is no logical reason to suspect the woman has a weapon hidden in a body cavity. A person who commits a spontaneous crime using as a weapon an item that is at hand is no more likely to have a concealed weapon than any other arrestee. The purpose of this definition is to prevent the smuggling of contraband into the facility; not to punish "violent" offenders.

"Weapon" is limited to an instrument that was designed for the purpose of causing bodily injury. This includes guns, razor blades, knives and other similar instruments. This is important in order to distinguish crimes that show no likelihood a woman has a hidden weapon. Neutral objects like a shoe, hairbrush or ashtray may be considered "dangerous weapons" under Massachusetts state law if the object is used in a manner that makes it capable of producing serious injury.[3] But it would be absurd to claim that a woman who

---

[3] <u>Commonwealth v. Marrero</u>, 19 Mass. App. Ct. 921, 471 N.E.2d 1356, 1357-58 (1984) (interpreting M.G.L. c.265 §15A prohibiting assault and battery with a dangerous weapon).

2

kicks someone while wearing a shoe is more likely to have hidden a weapon in a body cavity than a woman who was arrested for disturbing the peace or drunk driving.

The following offenses are "violent crimes" within this definition: murder; assault with intent to murder; non-negligent homicide; armed robbery; assault in a dwelling while armed; assault with intent to rob while armed; burglary while armed and unlawful possession of weapons.

Other felonies could meet this definition but a law enforcement officer would need to read the arrest report to make a determination beyond the charge itself. Examples of offenses in this category are assault with a dangerous weapon and assault and battery with a dangerous weapon. If the weapon used in the crime of assault and battery with a dangerous weapon is not an instrument that was designed for the purpose of causing bodily injury, the offense would not be included. This distinguishes the person who picks up an ashtray and flings it at another from the person who strikes another with a previously concealed razor blade.

Similarly, unplanned crimes are not be included. So, if in the course of an argument over dinner, a woman threatens her companion with a knife from the place setting, this is not within the definition because the offense does not involve planning. Simply put, this is not a crime that would generate a suspicion that the arrestee has a weapon hidden in her body cavities. In order to determine if the offense fits the definition, a correctional officer would have to review the facts described in the police report.

II.   **Designation of Sub-Class Representatives**

In its order of July 31, 2001, this Court divided the class into two subclasses. Plaintiffs have been ordered to designate a class representative for Sub-Class II consisting of those charged with drug offenses of any type and those charged with violent felonies. Current class representatives Katrina Mack, Joanne Maniscalco, Denise Gasparini, Christine Dailey and Alice Buckley fit within Sub-Class I.  Plaintiffs designate all five of them as Sub-Class I representatives.

Plaintiffs propose current class members Lynn Metras and Natasha Walker as Sub-Class II representatives.[4]  Lynn Metras was arrested in Boston on July 20, 1999 and charged with possession of a class A controlled substance, possession of a class A substance in a school zone and possession of a class A substance with the intent to distribute.  She was strip searched by a Boston police officer shortly after her arrest.  She was held at the Area A police station for nearly two hours, then she was transferred to the Nashua Street Jail where she was strip searched a second time.

Natasha Walker, the second proposed Sub-Class II representative, was arrested in Boston on March 10, 1998.  She was charged with assault and battery with a dangerous weapon (a knife)  and possession of an unlawful weapon.  She was pat frisked at the police station and held at the police station for hours.  After that, she was transferred to the Nashua Street Jail where she was strip searched.

---

[4] If this Court determines that the proposed class representatives are not appropriate for any reason, the plaintiffs will designate other Sub-Class II representatives.

III. <u>**Conclusion**</u>

The plaintiffs have set out a proposed definition of crimes of violence. If, after consideration of the definition, there is a need for different class representatives, counsel will provide them. The plaintiffs do not propose any further subdivision of the class

                                      RESPECTFULLY SUBMITTED,
                                      The plaintiffs
                                      By their attorneys,

Howard Friedman
BBO #180080
Myong J. Joun
BBO #645099
**Law Offices of Howard Friedman**
90 Canal Street, Fifth floor
Boston, MA 02114-2022
(617) 742-4100

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the above document was served upon the attorney of record for each party by (mail) by hand.

Date: 8/15/01

5