UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 98-11346-NG

BRONWYN FORD, KATRINA MACK, et al., on behalf of themselves and on behalf of others similarly situated,
Plaintiffs,

v.

SUFFOLK COUNTY, RICHARD J. ROUSE, in his individual capacity, JANE DOE, in her individual capacity, and the CITY OF BOSTON,
Defendants

**DEFENDANT CITY OF BOSTON'S PROPOSED DEFINITION OF "VIOLENCE" AND "VIOLENT OFFENSES" FOR DESIGNATION OF SUB-CLASSES**

Pursuant to this Court's order of July 31, 2001, the Defendant City of Boston responds to Plaintiffs' proposed definitions of "violence" and "violent offenses".

I. **Definition of Violence**

Black's Law Dictionary defines "violence" as "unjust or unwarranted use of force, usu[ally] accompanied by fury, vehemence, or outrage; physical force unlawfully exercised with the intent to harm". Black's Law Dict., 7th Ed. (1999). Under the United States Sentencing Commission, a "crime of violence" is defined as "any federal or state offense punishable by more than a year in prison that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S. v. Fernandez, 940 F.Supp. 387 (D. Mass. 1996) (Young, J.) citing U.S.S.G. §4B1.2(1).

The City opposes the Plaintiffs' definition that would limit the definition of violent offenses as to only those offenses that are "a felony with a weapon that involves planning".

 

Pl. Proposed Def. at p.2. The City proposes that the definition of a "violent offense" include both misdemeanors and felonies that have the use, attempted use, or threatened use of physical force against the person of another; the burglary of a dwelling, arson or extortion, involving the use of explosives; and conduct that presents a serious potential risk of physical injury to another.

## II.    Crimes of Violence

The following are examples[1] of crimes the City would consider to be "violent crimes"[2], and would apply to the members of subclass two:

> Abduction; affray; aggravated assault; arson; armed assault in a dwelling; armed robbery/burglary; assault; assault and battery with a deadly weapon[3]; assault and battery on a police officer or public employee; assault with intent to murder; breach of the peace; burglary[4]; common street walker; conspiracy to commit murder; conspiracy to violate drug laws; distribution of drugs (including distribution of drugs in a school zone); disorderly person; domestic violence crimes; firearms violations; forcible sex offenses; drug trafficking; extortion; fugitive from justice; home invasion; indecent assault and battery; kidnapping; larceny from a person[5]; maliciously disfiguring another; mayhem; murder; manslaughter; operating under the influence of alcohol[6]; possession of burglarious tools; possession of drug paraphernalia; possession of drugs with intent to distribute; possession of hypodermic needle; possession of infernal devices; prostitution/sex for a fee; resisting arrest; stalking; threats; unlawful possession of a firearm; uttering false prescription; violation of a restraining order; willful and malicious destruction of property; willful and malicious trespass.

---

[1] This list of examples is not exhaustive and does not include every crime that would apply to the members of subclass two.
[2] The City would also include arrests on default warrants for, or attempts to commit, these crimes.
[3] Brahimi v. INS, 1999 WL 172795 (D. Mass. 1999).
[4] U.S. v. Sawyer, 144 F.3d 191 (1st Cir. 1998); U.S. v. De Jesus, 984 F.2d 21 (1st Cir. 1993)
[5] DeJesus, 984 F.2d 21.
[6] Com. v. Rzfepphiewski, 431 Mass. 48, 51 (2000).

2

The following are examples of crimes the City of Boston would <u>not</u> considered to be "violent crimes", which would apply to the members of subclass one:

> Attempted auto theft; auto theft; breaking and entering; default warrant for failure to pay court costs; failure to return leased property; fare evasion; forgery; fraudulent use of a credit card; illegal sale of alcohol; intimidation of a witness; leaving the scene of an accident; open and gross lewdness; operating a motor vehicle without a license, after a license suspension, or with an expired license; passing worthless checks; possession of stolen credit cards; public drinking; receiving stolen property or stolen vehicle; shoplifting; trespass; uttering a false check; violation of auto laws (operating an uninsured/unregistered motor vehicle).

### III. <u>Conclusion</u>

The City therefore requests this Honorable Court adopt its proposed definitions of "violence" and "violent crimes" for determination of the subclasses.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON,
Merita A. Hopkins
Corporation Counsel
By its attorneys,

Susan M. Weise - BBO# 545455
Chief of Litigation
City of Boston Law Department
Room 615, City Hall
Boston, Massachusetts 02201
(617) 635-4040

Eve A. Piemonte Stacey - BBO# 628883
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, Massachusetts 02201
(617) 635-4066

Dated: August 29, 2001