UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRONWYN FORD, KATRINA MACK, et al., on behalf of themselves and on behalf of others similarly situated,<br>　　　　Plaintiffs<br><br>　　　　v.<br><br>SUFFOLK COUNTY, RICHARD J. ROUSE in his individual capacity, JANE DOE, in her individual capacity, and the CITY OF BOSTON,<br>　　　　Defendants | Civil Action No. 98-11346-NG |

## PLAINTIFFS' STATUS REPORT AND PROPOSAL

I. **STATUS**

　A. **Summary Judgment Decision**

　　1. **Sub-Class I**

On July 31, 2001 this Court granted plaintiffs' motion for summary judgment. The Court found that the City of Boston and Suffolk County are both liable under the Fourth Amendment for class members in Sub-Class I consisting of class member who were strip searched "following a arrests (either originally or on a default warrant) for offenses involving neither violence nor drugs." The Court ordered that this action proceed to individual hearings to determine the amount of damages owed to each woman in Sub-Class I.



2. <u>Sub-Class II</u>

The Court reserved judgment on the Fourth Amendment rights of class members of Sub-Class II consisting of those class members who were searched after arrests for drug offenses (either misdemeanors or felonies) or for crimes involving violence. However, the Court found the defendant City of Boston to be liable for damages to all plaintiffs including those in Sub-Class II based on the City's violation of the plaintiffs' rights to equal protection of law.

B. <u>Pending Matters</u>

1. <u>Dismissal of Plaintiffs' Claims Against Sheriff Rouse</u>

The parties have stipulated to the dismissal Sheriff Rouse as a defendant in this case. Sheriff Rouse may be dismissed as a defendant in this case.

2. <u>Sub-Class II Issues</u>

In the summary judgment decision, this Court ordered the parties to provide definitions of the term "violence" for purposes of Sub-Class II. All of the parties made their submissions. The court also did not decide whether or not Sub-Class II class members' Fourth Amendment rights were violated. Because the Court established the City's liability as to all class members based on plaintiffs' equal protection claim, the Court's determination of these issues do not effect damages liability for class members. It will only effect each defendant's responsibility for the plaintiffs' damages.

C.  **Settlement**

Responding to a request by the defendant City of Boston, plaintiffs made a settlement demand on May 22, 2001. Neither the City nor the County have made any settlement offers. Unless the defendants express a serious interest in settlement, damages will have to be decided by trial.

II. **PLAINTIFFS' PROPOSAL**

A.  **Damages Trials**

Plaintiffs suggest that the parties begin by preparing a relatively small group of ten individual claims of Sub-Class I plaintiffs for damages trials.[1] The goal of determining damages for the ten plaintiffs is two-fold. First, the jury verdicts in these cases may assist the parties in assessing the desirability of settlement. Second, if a class settlement is not possible, these first few damages trials may serve as a model for the additional damages hearings that will be necessary since over one thousand women have already expressed an interest to plaintiffs' counsel in participating in this case. Those hearings can be streamlined once all parties understand the types of evidence that will be admissible and the evidence that will not be admissible.

After trying the first ten cases, a status conference should be scheduled to discuss the possibility of settlement. If settlement still is not possible, plaintiffs propose a plan to try as many damages cases as possible. In order to resolve as many claims as possible special master could be appointed to preside over damages trials.

---

[1] Because the City has been found liable to Sub-Class II plaintiffs, damages trial could begin for some of those class members as well.

3

B.   **Alternative Dispute Resolution**

If counsel for the defendants are interested in seriously pursuing settlement, plaintiffs are willing to present this case to mediation either with the federal court's mediation program or with an outside mediator. Plaintiffs are also willing to consider other forms of alternative dispute resolution if the defendants are willing to do so.

C.   **Interim Attorney's Fees**

This Court's summary judgment opinion declared the Suffolk County strip search policy to be unconstitutional and established liability of the City as to all class members and of the County as to class members of Sub-Class I. Based on this ruling, plaintiffs' counsel may seek interim attorney's fees. See, Hanrahan v. Hampton, 446 U.S. 754 (1980); Coalition for Basic Human Needs v. King, 691 F.2d 597 (1st Cir. 1982). This case will be three years old in December. If a class-wide settlement does not seem likely, plaintiffs' counsel will seek an award of interim attorney's fees.

The plaintiffs,
By their attorneys

Howard Friedman
BBO #180080
Myong J. Joun
BBO #645099
Law Offices of Howard Friedman
90 Canal Street, Fifth floor
Boston, MA 02114-2022
(617) 742-4100

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Dated: 10/29/01