Case 1:98-cv-11346-NG    Document 141    Filed 04/08/2002    Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 98-11346-NG

BRONWYN FORD,
    Plaintiff,

v.

CITY OF BOSTON, SUFFOLK
COUNTY, RICHARD ROUSE,
SHERIFF OF SUFFOLK
COUNTY,
    Defendants.



## DEFENDANT CITY OF BOSTON'S MOTION FOR PROTECTIVE ORDER

Now comes the Defendant, City of Boston ("City"), and moves this Honorable Court, pursuant to Fed. R. Civ. P. 26(c), for a protective order precluding the Plaintiff from conducting further discovery. As reasons for its motion the Defendant states:

**1.**     **Standard**

This Honorable Court has the broad discretion to either allow or prohibit discovery. King v. Greenblatt, 149 F.3d 9, 13 (1st Cir. 1998), citing 8 Charles A. Wright et al., *Federal Practice and Procedure* §2006, at 91 (1994). "The management of pretrial discovery lies primarily within the sound discretion of the district court." Filiatrault v. Comverse Tech., Inc., 275 F.3d 131, 137 (1st Cir. 2001). "Discovery matters are for the informed discretion of the district court, and breadth of that discretion in managing pre-trial mechanics and discovery is very great." Fennell v. First Step Designs, Ltd., 83 F.3d 525, 532 (1st Cir. 1996). See also Santiago v. Fenton, 891 F.2d 373, 379 (1st Cir. 1989) (the First Circuit "will

intervene in such matters only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party.").

Pursuant to Rule 26, this Court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense", including "that the disclosure or discovery not be had...". Fed. R. Civ. P. 26(c)(1). For the reasons that follow, the Defendant requests this Court allow its motion for protective order.

2. **Argument**

The Plaintiff first filed her complaint on July 13, 1998[1]. A scheduling conference was held on June 22, 1999. At that time, a discovery deadline of October 15, 1999 was set, with Plaintiff's participation. On December 8, 1999, this Court allowed the parties' joint motion to modify the discovery schedule, as the trial date would not be affected. This Court set a deadline for summary judgment motions to be filed by January 18, 2000. On February 28, 2000, this Court granted the Plaintiff's motion to extend time to April 10, 2000 to complete discovery.

On November 15, 2000, the plaintiff filed her motion for summary judgment. On February 23, 2001, the City filed its cross-motion for summary judgment, and its opposition to Plaintiff's motion for summary judgment. Plaintiff opposed the City's motion for summary judgment on March 9, 2001. This Court heard oral arguments on the parties' motions for summary judgment on May 31, 2001. Not once during this proceeding did the Plaintiff claim she needed further discovery, nor did she file an affidavit pursuant to Fed. R.

---

[1] Plaintiff filed an amended complaint on October 16, 1998 to bring claims against Suffolk County and the Sheriff. The Plaintiff subsequently amended her complaint a second time, and filed it on December 6, 1999.

Civ. P. 56(f), in opposition to the City's motion for summary judgment, stating she required further discovery.

This Plaintiff's request for admissions was served on March 15, 2002. **Ex. 1**. The request has been served two years beyond the discovery deadlines. The Plaintiff's request for admissions total 45 requests, in violation of Local Rule 26.1(c) (limiting request for admissions to 25 requests). The Plaintiff has not sought to enlarge the time for discovery in this two-year period of time, nor did she serve Requests for Admissions, that she now seeks, at any time during the lengthy discovery period.

The Plaintiff has had ample opportunity to conduct discovery. She failed to serve the request for admissions that she now seeks, two years after the discovery period has closed, during the appropriate time. The Plaintiff serves these requests on the eve of trial, as the parties' counsel are preparing for damage assessment trials. As a result, the Plaintiff cannot therefore claim that allowance of this motion would result in "manifest injustice" to her. FDIC v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000), citing Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 186 (1st Cir. 1989). The Defendant should not be penalized or burdened by plaintiff's failure to conduct adequate discovery in the first instance.

## Conclusion

For the reasons stated, the Defendant respectfully requests that this Honorable Court issue a protective order. To allow the Plaintiff the opportunity to re-open discovery when she had ample opportunity to conduct discovery would constitute the annoyance, burden and oppression contemplated by Fed. R. Civ. P. 26(c).

Respectfully submitted,
DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel

By its attorney,

*[signature]*

Eve A. Piemonte Stacey – BBO# 628883
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, Massachusetts 02201
(617) 635-4066

**CERTIFICATE OF SERVICE**
I hereby certify that on this date a true copy of the above document was served upon the attorney of record for each party by U.S Mail, first class, postage prepaid/by hand.

4/8/02        *[signature]*
Date            Eve A. Piemonte Stacey

4