UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action Number:
98-CV-11346-NG

BRONWYN FORD,　　　　　　)
　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
CITY OF BOSTON, SUFFOLK　　)
COUNTY, and RICHARD ROUSE, )
SHERIFF OF SUFFOLK COUNTY,)
　　　　Defendants.　　　　　　)
　　　　　　　　　　　　　　　)

### PLAINTIFF'S OPPOSITION TO THE CITY OF BOSTON'S MOTION FOR A PROTECTIVE ORDER

NOW COMES PLAINTIFF, BRONWYN FORD, ("Plaintiff" or "Ford") and hereby opposes Defendant City of Boston's Motion For A Protective Order.

At the outset, Plaintiff would bring to the Court's attention that, despite its certification to the contrary, counsel for the City of Boston ("the City") did not confer with Plaintiff's counsel regarding Plaintiff's Requests for Admission prior to filing her motion, which forms the basis of this Motion, as required by Local Rule 7.1(A)(2).

The tenor of the City's Motion for a Protective Order is that the purpose of Plaintiff's intent in seeking the Request for Admissions is solely to accomplish further discovery and that Plaintiff should be denied this opportunity in light of the fact that the discovery deadline has long passed. In actuality, the purpose of the Request for Admissions is to develop, based on admissions made in the deposition transcripts, facts

146

which may be established for trial purposes. In that vein, Plaintiff's purpose is to streamline the trial process and trial itself.

In its Motion, the City suggests that there may be manifest injustice in their answering the Requests for Admission. However, there is no injustice here. Indeed, by answering these Requests, the City suffers no prejudice. Rather the Request for Admissions simply compile affirmative statements made by representatives of the City during the course of this litigation. It is in both parties' interest, and in the interest of the Court's efficiency, to avoid a situation where numerous police officers and officials are called to testify. Essentially, the Requests for Admission effectuate judicial efficacy by expediting the trial. In light of the fact that most of the witnesses are police officers and police officials, efficiency may even be a public interest.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny the City's Motion for a Protective Order and order the City to respond to Plaintiff's Requests for Admissions.

Respectfully submitted,
BRONWYN FORD,

by her attorneys,

Dated: April 18, 2002

Eric N. Klein, Esq.
Klein & Miller, LLP
One Financial Center
Boston, MA 02111
(617) 482-7600
BBO# 631309

*Of Counsel:*
Audrey J. Samit, Esq.
BBO#: 559271

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 4/18/02

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action Number:
98-CV-11346-NG

| | |
|---|---|
| BRONWYN FORD,<br>　　　　Plaintiff,<br><br>v.<br><br><br><br>CITY OF BOSTON, SUFFOLK<br>COUNTY, and RICHARD ROUSE,<br>SHERIFF OF SUFFOLK COUNTY,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify, pursuant to Local Rule 7.1(A)(2), that counsel for the Plaintiff has conferred with counsel for the City of Boston, in a good faith attempt to resolve or narrow the issues raised by the Opposition, and that I have been unable to do so.

_____  4/18/02
Eric N. Klein, Esq.
Klein & Miller, LLP
One Financial Center
Boston, MA 02111
(617) 482-7600
BBO# 631309