UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 98-11346-NG

BRONWYN FORD,
    Plaintiff,

v.

CITY OF BOSTON, SUFFOLK
COUNTY, RICHARD ROUSE,
SHERIFF OF SUFFOLK
COUNTY,
    Defendants.



**DEFENDANT CITY OF BOSTON'S SECOND MOTION FOR PROTECTIVE
ORDER AND OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW REQUEST
FOR ADMISSIONS IN EXCESS OF TWENTY-FIVE**

Now comes the Defendant, City of Boston ("City"), and moves this Honorable Court, pursuant to Fed. R. Civ. P. 26(c), for a second protective order in response to Plaintiff's Second Request for Admissions to the City. Defendant further opposes Plaintiff's motion to allow request for admissions. As reasons for its motion the Defendant states:

1. The City incorporates by reference the arguments advanced in its first Motion for Protective Order.

2. The Plaintiff's second request, like her first request, was served two years beyond the discovery deadlines. Furthermore, the Plaintiff's request for admissions now total 59 requests, in violation of Local Rule 26.1(c) (limiting request for admissions to 25 requests).

149

3.  The Plaintiff has not sought to enlarge the time for discovery in this two-year period of time, nor did she serve Requests for Admissions, that she now seeks, at any time during the lengthy discovery period in this case.

4.  As a result, the Plaintiff cannot therefore claim that allowance of this motion would result in "manifest injustice" to her.  FDIC v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000), citing Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 186 (1st Cir. 1989).  The Defendant should not be penalized or burdened by plaintiff's failure to conduct adequate discovery in the first instance.

5.  On April 17, 2002, in response to Plaintiff's requests and in an effort to narrow or resolve the discovery dispute, and to narrow the issues for trial, counsel for the Defendants offered to enter into stipulations of fact.  Plaintiff's counsel declined.  She should not be allowed to re-open discovery at this late date.

**Conclusion**

For the reasons stated herein, and for the reasons contained in Defendant's first Motion for Protective order, the Defendant respectfully requests that this Honorable Court issue a protective order.  To allow the Plaintiff the opportunity to re-open discovery when she had ample opportunity to conduct discovery would constitute the annoyance, burden and oppression contemplated by Fed. R. Civ. P. 26(c).

Respectfully submitted,
DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel

By its attorney,


Eve A. Piemonte Stacey – BBO# 628883
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, Massachusetts 02201
(617) 635-4066

**CERTIFICATE OF SERVICE**

**I hereby certify that on this date a true
copy of the above document was served
upon the attorney of record for each party
by U.S Mail, first class, postage prepaid/by hand.**

4/25/02
**Date**        **Eve A. Piemonte Stacey**

3